

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

Signed October 14, 2008            United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SPIRIT OF PRAYER MINISTRIES, INC., | § | CASE NO. 07-43858-dml-11 |
| | § | |
| Plaintiff. | § | |
| | § | |

---

| | | |
|---|---|---|
| SPIRIT OF PRAYER MINISTRIES, INC., | § | |
| | § | |
| Plaintiff and Counter-Defendant, | § | |
| | § | |
| vs. | § | Adv. Pro. 07-04199 |
| | § | |
| ESTATE OF HAZEL HODGES, | § | |
| | § | Trial: 1:30 p.m. |
| Defendant and Counter-Plaintiff. | § | September 29, 2008 |
| | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Findings of Fact**

1. On September 3, 2007, a petition for relief under chapter 11 of title 11, United States Code, was filed in this court by Debtor, who appears as Plaintiff herein.

2. No chapter 11 trustee has been appointed in Debtor's chapter 11 case.

3. Debtor is acting as Debtor in Possession in its chapter 11 case and is authorized to act as Plaintiff herein.

4. Defendant, Estate of Hazel Hodges, has appeared in the Debtor's chapter 11 case as a creditor and party in interest.

5. Defendant is the successor in interest to all of the claims and property (or interests in property) owned by Hazel Hodges (collectively, the "Hodges Claimant") during the time periods relevant to this adversary proceeding.

6. On or about July 9, 2007, Ernest Hodges and his spouse, Hazel Hodges (collectively, the "Hodges State Court Plaintiffs"), as a result of a judgment entered in the matter styled <u>Spirit of Prayer Ministries, Inc. vs. Ernest Hodges et a</u>l, Cause 06-38840 in the County Court at Law No. 1, Tarrant County, Texas (the "State Court Lawsuit"), caused a transfer of a portion of Plaintiff's property to the Hodges State Court Plaintiffs by filing an abstract of judgment against Plaintiff and its property in the public records of Tarrant County, Texas (the "Judgment Abstract").

7. The effect of the Judgment Abstract was to create a judicial lien on all of the Plaintiff's property located in Tarrant County, Texas.

8. The Judgment Abstract was issued with respect to a judgment entered against Plaintiff in the State Court Lawsuit on March 1, 2007.

9. The transfer of Plaintiff's interest in its property by the filing of the Judgment Abstract was to or for the benefit of Defendant as a creditor of Plaintiff, and made for or on account of an antecedent debt owed by the Plaintiff to Defendant, before the transfer was made.

10. The transfer of Plaintiff's interest in its property by the filing of the Judgment Abstract was made while the Plaintiff was insolvent, or alternatively, caused the Plaintiff to become insolvent.

11. The transfer of Plaintiff's interest in its property by the filing of the Judgment Abstract was made on or within ninety days before the date of the filing of the petition commencing the Plaintiff's chapter 11 case.

.12. The transfer of Plaintiff's interest in its property by the filing of the Judgment Abstract will enable the Defendant to receive more than it would receive as a creditor if (a) the case were under chapter 7 of title 11, (b) the transfer had not been made, and (c) the Defendant received payment of its debt to the extent provided by the provisions of said title 11.

### Conclusions of Law

A. Pursuant to Bankruptcy Rule 7008 this proceeding is a core proceeding.

B. Pursuant to section 547(b) of the Bankruptcy Code, the filing of the Judgment Abstract constituted a transfer of Plaintiff's property, or an interest in Plaintiff's property.

C. The transfer of Plaintiff's interest in property by the Judgment Abstract is subject to the provisions of section 547 of the Bankruptcy Code.

D. Under sections 544, 547 and 550 of the Bankruptcy Code, Plaintiff as Plaintiff is entitled to have such transfer set aside, as a preferential transfer of an interest in its property.

E. The Judgment Abstract is subject to discharge in Plaintiff's chapter 11 case and the provisions of section 523(a) (6) of the Bankruptcy Code do not apply to the Judgment Abstract.

# # # End of Order # # #